L. M. GERRINGER v. WALTER GERRINGER and MRS. LENA BARBER.

(Filed 31 January, 1946.)

**Deeds § 16c—**

In this action to recover for breach of contract to maintain and support plaintiff as consideration for the execution of a deed, the evidence considered in the light most favorable for plaintiff *is held* sufficient to carry the case to the jury.

APPEAL by plaintiff from *Johnson, Special Judge,* at April Term, 1945, of ALAMANCE.

This was an action to recover for breach of contract to maintain and support the plaintiff as consideration for the execution of a deed. At the close of the evidence judgment of nonsuit was entered, and plaintiff excepted and appealed.

*Thos. C. Carter and A. M. Carroll for plaintiff, appellant.*

*P. W. Glidewell, Sr., and Thomas D. Cooper for defendants, appellees.*

DEVIN, J. The parties here are the same as those in *Gerringer v. Gerringer,* 223 N. C., 818, 28 S. E. (2d), 501. In the former suit the plaintiff sought to set aside the deed which he had executed to the defendants in consideration of their promise to maintain and support him during his natural life. That suit was based upon allegations of fraud and undue influence, and judgment of nonsuit was affirmed on appeal. In the opinion by *Justice Denny* it was said: "Plaintiff's remedy, if any, appears to be, not in equity, but in a court of law for breach of contract." Thereafter plaintiff instituted this action for breach of the contract, alleging that defendants had failed to maintain and support him as they had promised to do. In the hearing below judgment of nonsuit was entered and plaintiff appealed.

After examining the record and considering the evidence in the light most favorable for the plaintiff, we reach the conclusion that he has offered sufficient evidence to carry his case to the jury, and that there was error in sustaining the motion for judgment of nonsuit.

As the case goes back for trial, we do not discuss the evidence or express any opinion as to its weight or credibility.

The judgment of nonsuit is

Reversed.